UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL B. JONES, | ) |
|        Petitioner, | ) |
|    v. | ) Civil Action No. 16-0041 (BAH) |
| UNITED STATES PAROLE COMMISSION, | ) |
|        Respondent. | ) |

**MEMORANDUM OPINION**

The petitioner, Paul B. Jones, seeks a "Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255," ECF No. 1, contending that he was denied a timely probable cause hearing following his arrest on a parole violator warrant issued by the United States Parole Commission. Claiming a due process violation, the petitioner seeks $500,000 for each day spent in custody,[1] a probable cause hearing, "and/or immediate reinstatement to his pre-arrest parole release conditions[.]" Pet. at 3. The Commission responds with documentation showing that (1) the petitioner received his probable cause hearing before this case commenced on January 11, 2016, and (2) the petitioner is no longer in custody on the underlying warrant. Resp't's Opp'n to the Pet. for a Writ of Habeas Corpus, ECF No. 7. Consequently, this case will be dismissed for the reasons explained below.

---

[1] The petitioner cannot recover money damages by way of a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) (noting "[i]n the case of a damages claim, habeas corpus is not an appropriate or available federal remedy").

1

**I. BACKGROUND**

In August 1981, the petitioner was convicted in the Superior Court of the District of Columbia of multiple felony offenses and sentenced to an aggregate prison sentence of 41 years.  Resp't's Ex. A, ECF No. 7-1; *United States v. Jones*, 1978 FEL 004073 (D.C. Super. Aug. 11, 1981).  On June 26, 2015, the petitioner was released to parole supervision, where he was to remain until February 4, 2023.  Resp't's Ex. B.  On October 8, 2015, the Commission issued a warrant, charging the petitioner with violating the terms of his parole by (1) using cocaine on multiple dates, (2) failing to submit to drug testing on multiple dates, and (3) violating a special condition involving drug aftercare.  *Id*. (Warrant Application).  The warrant was executed by the petitioner's arrest on October 29, 2015.  In the instant petition, dated December 18, 2015, the petitioner contends that his probable cause hearing was held "on or about December 11, 2015, . . . 42 days late and out of accordance with the (5) days a probable cause hearing was suppose[d] to have been held after Petitioner's October 29, 2015 arrest."  Pet. at 2.

During the probable cause hearing on December 11, 2015, the petitioner's attorney in fact argued for his release because of the delay and the petitioner's need for drug treatment.  *See* Resp't's Ex. C (Probable Cause Hearing Digest at 13-14).  Although the Commission found probable cause to hold the petitioner for a revocation hearing, *id*., it reinstated the petitioner to parole supervision and released him to a Reentry and Sanction Center on January 5, 2016.  Resp't's Opp'n at 2.  The next day, the petitioner "walked away" from the Center.  *Id*.  He has since been arrested on a new parole violator warrant, which is not the subject of this action.  *Id.*

## II. ANALYSIS

Habeas claims arising from the execution of a sentence, such as here, are properly brought under 28 U.S.C. § 2241.  *See Herndon v. U.S. Parole Comm'n*, 961 F. Supp. 2d 138, 141 (D.D.C. 2013) (quoting *Perkins v. Henderson*, 881 F. Supp. 55, 60 (D.D.C. 1995)).  District of Columbia prisoners are entitled to habeas relief upon a showing that their "custody is in violation of the Constitution or laws or treaties of the United States."  *Id*. § 2241(c)(3).

The petitioner invokes the due process clause, but in the absence of "a delay [in holding a probable cause hearing] that is both unreasonable and prejudicial," the due process clause is not violated.  *Vactor v. U.S. Parole Comm'n*, 815 F. Supp. 2d 81, 83 (D.D.C. 2011) (citations omitted); *see Stoddard v. Wynn*, 68 F. Supp. 3d 104, 113 (D.D.C. 2014) ("A delay in holding a probable cause and/or revocation hearing is actionable where a plaintiff can show the delay was both unreasonable and prejudicial.") (citing *Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983)).  The petitioner has not asserted any prejudice resulting from the 42-day delay between his arrest and probable cause hearing, and at least one judge of this Court has found a longer delay, 63 days, "not per se unreasonable."  *Vactor*, 815 F. Supp. 2d at 83.

In any event, the appropriate remedy for a constitutionally defective parole proceeding "is a writ of mandamus to compel the Commission's compliance with the statute not a writ of habeas corpus to compel release on parole or to extinguish the remainder of the sentence." *Sutherland*, 709 F.2d at 732; *see accord Proctor v. Wainwright*, 828 F. Supp. 2d 215, 217 (D.D.C. 2011) (A delay in conducting a revocation hearing "is not itself a valid ground for immediate release," and instead a releasee's "remedy . . . is an action to compel a hearing.").  Yet, any claim for mandamus relief in this case is moot in light of the probable cause hearing the

petitioner received on December 11, 2015.   Accordingly, this case will be dismissed.  A separate Order accompanies this Memorandum Opinion.

/s/ *Beryl A. Howell*<br>CHIEF JUDGE

DATE:  August 5, 2016